**William L. DONNELLY et al., Plaintiffs-Appellants,**

v.

**Jane P. DONNELLY et al., Defendants-Appellees.**

**No. 75–1023.**

United States Court of Appeals, First Circuit.

Submitted April 10, 1975.

Decided May 13, 1975.

William L. Donnelly, pro se, submitted on brief.

Alan K. Posner, Asst. Atty. Gen., with whom Francis X. Bellotti, Atty. Gen., Boston, Mass., was on brief, for Edward T. Martin, Gerard P. Brocklesby, and Linda Gorelick, defendants-appellees.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

## MEMORANDUM AND ORDER

This is an appeal from the district court's dismissal of a petition for a writ of habeas corpus by which the petitioner sought visiting rights with his children. The suspension of visiting rights was ordered by the Massachusetts probate court which was supervising the divorce of the parents. This is at base a challenge to the state's authority to resolve the domestic dispute. As we said in Armstrong v. Armstrong, 508 F.2d 348 (1st Cir. 1974), the federal court is ill equipped to determine family obligations, lacking the power and the resources of state family courts to consider the best interests of the entire family. As a matter of policy we would not entertain this case if it were properly before us, but it is not.

Habeas corpus relief is not available under these circumstances. The Habeas Corpus Act, 28 U.S.C. § 2254 provides for relief against state "custody" pursuant to a judgment of a state "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." It was not intended to encompass the kind of parental custody of children involved in this case.* It is, rather, analogous to 28 U.S.C. § 2255, which provides a modern substitute for the ancient writ of coram nobis as against federal "custody" and is by terms limited to "prisoner[s]". There having been alleged no other basis for an exercise of federal authority under these facts, the petition was properly dismissed.

Affirmed.

* Bell v. Leonard, 102 U.S.App.D.C. 179, 251 F.2d 890 (1958), cited by appellee, was not a federal Habeas Corpus Act case but one analogous to a state proceeding and, based on District of Columbia law, the family relationships were properly being adjudicated by the court.