**Juliette L. LaMONTAGNE, a minor, and Paul J. Rosenbaum, her father**

v.

**Claire LaMONTAGNE et al.**
**Civ. A. No. 75–1345–C.**

United States District Court,
D. Massachusetts.
June 6, 1975.

**1160**

Paul J. Rosenbaum, pro se.

Robert P. Whitten, pro se.

John P. White, Jr., Boston, Mass., for Norman Bernstein.

John F. Hurley, Asst. Atty. Gen., Boston, Mass., for Joseph Connolly.

Martin S. Dansker, Waltham, Mass., for Claire LaMontagne.

## OPINION

CAFFREY, Chief Judge.

This is a civil action, the caption of which indicates that it is brought by Paul J. Rosenbaum pro se and Juliette L. LaMontagne, a minor, against Claire LaMontagne, Robert Whitten, Joseph Connolly and Norman Bernstein. Jurisdiction of this court is asserted on the basis of 28 U.S.C. § 1343 for a cause of action which is alleged to have arisen under 42 U.S.C. § 1983.

The complaint recites that plaintiffs are biological father and daughter, that the minor was born out of wedlock on December 26, 1971; that defendant Claire LaMontagne is the biological mother of the minor, that Joseph Connolly is a probation officer employed by the courts of the Commonwealth of Massachusetts, and that Norman Bernstein is a psychiatrist appointed by the Middlesex Probate Court in connection with litigation pending in that court between Paul Rosenbaum and Claire LaMontagne, which litigation involves, among other things, custody of and visitation rights to Juliette L. LaMontagne. Defendant Robert Whitten is alleged to be a guardian ad litem of Juliette appointed by the Middlesex Probate Court. The complaint alleges violations of claimed rights of plaintiffs under the Eighth and Fourteenth amendments to the United States Constitution and seeks injunctive relief and money damages.

■ The matter came before the Court upon plaintiffs' motion for a temporary injunction and upon defendants' motions to dismiss. After hearing, I rule that the motions to dismiss as to plaintiff Juliette L. LaMontagne must be allowed since she is a three year old minor who has no capacity to sue in her own behalf.

■ With regard to the merits of the complaint, a reading of the complaint and the arguments made at the hearing on these motions establish beyond peradventure that the instant litigation, although dressed in constitutional clothing, is nothing more or nothing less than a domestic relations contest between two persons for custody of a child conceived and born to them out of wedlock. It has been established law in the federal courts since at least 1890 that federal courts lack jurisdiction to entertain domestic relations controversies. In the case In re Burrus, 136 U.S. 586, 593–94, 10 S.Ct. 850, 853, 34 L.Ed. 500 (1890), the Supreme Court expressly ruled:

> "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States."

This principle was reiterated recently by the Court of Appeals for the First Circuit in Armstrong v. Armstrong, 508 F.2d 348 (1974) at 349, and within the past month by the same court in Donnelly v. Donnelly, 515 F.2d 129 (1975), a case which like the instant one involved visitation rights to children. There, the Court of Appeals observed (p. 130):

> ". . . the federal court is ill equipped to determine family obligations, lacking the power and the resources of state family courts to consider the best interests of the entire family. As a matter of policy we would not entertain this case if it were properly before us, but it is not."

■ The *Armstrong* and *Donnelly* decisions clearly and unequivocally establish that the policy ordered by the Court of Appeals for this Circuit is abstention from family custodial controversies.

A similar position has been taken by the Court of Appeals for the Sixth Circuit, Denman v. Leedy, 479 F.2d 1097 (6 Cir. 1973); Gargallo v. Gargallo, 472

F.2d 1219 (6 Cir. 1973). The Court of Appeals for the Second Circuit has clearly ruled that the fact that a family custodial dispute is couched in terms characterizable as a constitutional context does not confer jurisdiction to settle a domestic relations controversy. In Hernstadt v. Hernstadt, 373 F.2d 316, 318 (2 Cir. 1967), that Court observed:

"[W]here the constitutional claim is frivolous, . . . the suit should be dismissed as an impermissible attempt to embroil the federal courts in matrimonial matters best left to the states."

I rule that this Court is not for embroiling, that this is a case in which "a federal court—even when it has jurisdiction—may abstain for reasons of comity and common sense . . .." *Armstrong, supra,* at 350, and hence that the application for a temporary injunction should be denied and the motions to dismiss should be allowed as to all parties defendant.

Judgment accordingly.