**Corrinne SUTTER, Plaintiff-Appellant,**

v.

**Percy M. PITTS, III et al.,
Defendants-Appellees.**

No. 80–1413.

United States Court of Appeals,
First Circuit.

Argued Dec. 2, 1980.

Decided Feb. 11, 1981.

Corrinne Sutter, pro se.

Paul D. Gallese, Boston, Mass., for defendants-appellees.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

This diversity suit is the most recent maneuver in a nine-year battle between Corrinne Sutter and her former husband, Percy M. Pitts, III, over the custody of their son, Michael Christian Pitts. In her complaint, Sutter alleged that Pitts and his present wife, Jeanne Duckworth Pitts, deliberately disobeyed the visitation and custody orders of the probate court of Essex County, Massachusetts, maliciously frustrating Sutter's exercise of her civil rights in violation of Mass.Gen.Laws Ann. ch. 12, § 11*I*.[1] Con-

1.  Mass.Gen.Laws Ann. ch. 12, § 11*I* provides:
    Any person whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with, as described in sec-

tion 11H, may institute and prosecute in his own name and on his own behalf a civil action for injunctive and other appropriate equitable relief as provided for in said section, including the award of compensatory money damages. Any aggrieved person or persons who prevail in an action authorized by this section shall be entitled to an award of the costs of the litigation and reasonable attorney's fees in an amount to be fixed by the court.
Section 11H provides in pertinent part:

cluding that Sutter's civil rights "action is really one which seeks a determination of her rights to custody over her child, or alternatively, her right to see and enjoy the child," the district court invoked the domestic relations exception to diversity jurisdiction and abstained in deference to state court proceedings.[2] Sutter challenges the dismissal of her complaint as a misinterpretation of her claim and thus a misapplication of the jurisdictional exception.

In 1971 the circuit court of Mobile, Alabama issued a decree of divorce ending the marriage of Corrinne Sutter and Percy Pitts. As part of the decree, the court awarded Sutter temporary custody of Michael, the only child born of the marriage. Within one year, however, the court altered the decree, awarding Pitts temporary custody of the child while reserving extensive visitation rights for Sutter. During the following five years the Alabama court found it necessary to issue five additional orders modifying Sutter's visitation rights. The last order, issued in October, 1977, suspended Sutter's visitation rights and, for reasons not apparent in the record, ordered her to show cause why she should not be held in contempt of court.[3]

In December of 1977, upon learning that Pitts, his present wife and the child had moved to Beverly, Massachusetts, Sutter initiated a custody action in the probate court of Essex County, Massachusetts. On December 22, 1977, the court granted Sutter temporary visitation rights and ordered Pitts not to remove the child from the Commonwealth. Nonetheless, Pitts departed Massachusetts with the child early in January of 1978 and has since refused to obey any orders of the Massachusetts probate court. Soon after Pitts' departure the pro-

bate court awarded Sutter temporary custody of Michael and then in June, 1978, the court awarded Sutter permanent custody. At the time the district court dismissed Sutter's complaint, the probate court had not yet awarded Sutter permanent custody of the child. Although the present record contains nothing that would resolve the conflict between the decrees of the Alabama and the Massachusetts courts, this is of no consequence to our disposition of Sutter's appeal.

■ It is firmly established that the federal courts do not have diversity jurisdiction to grant divorces, determine alimony and support obligations, or resolve the conflicting claims of divorced parents to the custody of their children. *See, e. g., Cole v. Cole*, 633 F.2d 1083 (4th Cir. 1980); *Solomon v. Solomon*, 516 F.2d 1018, 1021–26 (3d Cir. 1975); *Buechold v. Ortiz*, 401 F.2d 371, 372 (9th Cir. 1968). Regardless of the historical inaccuracies and doctrinal distortions that mark the birth and early years of this exception to diversity jurisdiction, *see Spindel v. Spindel*, 283 F.Supp. 797, 800–09 (E.D.N.Y.1968), the exception has endured for too long for us to abandon it in the absence of contrary action by Congress or the Supreme Court. *See Armstrong v. Armstrong*, 508 F.2d 348, 350 (1st Cir. 1974); *Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel*, 490 F.2d 509, 514 (2d Cir. 1973). And although the exception has been narrowly confined, we, and other courts of appeals, have held that federal courts should abstain from adjudicating claims that are closely related to, though not within, the jurisdictional exception. *See, e. g., Crouch v. Crouch*, 566 F.2d 486, 487 (5th Cir. 1978) (dictum); *Bossom v. Bossom*, 551 F.2d 474, 475 (2d Cir. 1976);

Whenever any person or persons, whether or not acting under color of law, interfere by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any other person or persons of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, the attorney general may bring a civil action for injunctive or other appropriate equitable relief . . . .

2. Although Sutter alleged that the district court also had jurisdiction under 28 U.S.C. § 1331(a), it is clear from her prayers for relief and her briefs that her claim rests solely on Mass.Gen. Laws Ann. ch. 12, § 11*I*. Sutter's complaint did not raise any claims related to the Full Faith and Credit section of Article IV.

3. During the same period, Sutter unsuccessfully attempted in Michigan and California to litigate anew her rights to custody or visitation.

*Armstrong v. Armstrong*, 508 F.2d at 350; *Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel*, 490 F.2d at 515–16. Thus, if the district court was correct in its analysis of Sutter's complaint, there is no question that the court properly declined to consider the merits of her claim.

■ Sutter contends that her complaint stated a statutory claim for vindication of her civil rights that is substantially independent of the continuing controversy over custody of Michael Pitts. As best as can be drawn from her complaint, trial memoranda, and appellate briefs, her civil rights claim is that the Pitts' departure from the Commonwealth and flouting of the probate court's orders interfered with her constitutionally protected parental rights and rendered ineffective the Massachusetts proceedings, contrary to due process of law. Relying on the recently enacted Massachusetts civil rights statute, Mass.Gen.Laws Ann. ch. 12, § 11*I*, she requested equitable relief and compensatory and punitive damages.[4]

Although Sutter has clothed her complaint in the garb of a civil rights action, we agree with the district court that her claim boils down to a demand for custody of the child. We perceive no grounds to justify transforming Sutter's difficulty in securing enforcement of the probate court's custody order into a problem of constitutional dimension. With its constitutional cloak removed, her claim amounts to nothing more than an "attempt to embroil the federal courts in matrimonial matters best left to the states." *Hernstadt v. Hernstadt*, 373 F.2d 316, 318 (2d Cir. 1967). Were the district court to entertain this claim, there is an obvious likelihood of incompatible state and federal decrees about an issue that is subject to the continuing jurisdiction of the state courts. *See Crouch v. Crouch*, 566 F.2d at 487; *Buechold v. Ortiz*, 401 F.2d at 373; *see generally Tucker v. Tucker*, 280 Ala. 608, 196 So.2d 724, 726 (1967); *Jernigan v. Jernigan*, 335 So.2d 178, 181 (Ala.Civ. App.1976); Mass.Gen.Laws Ann. ch. 208, § 28.

Sutter's attempt to obtain a federal imprimatur for the probate court's order cannot, for purposes of the domestic relations exception, be meaningfully distinguished from a de novo determination of her rights to custody, which clearly falls within the narrow jurisdictional exception. *See Armstrong*, 508 F.2d at 350. The district court properly abstained from adjudicating Sutter's claim and thus we affirm the dismissal of her complaint.

*Affirmed.*

---

4. Specifically, Sutter requested the following relief:

1. Preliminary injunction prohibiting, enjoining and restraining Defendants Percy M. Pitts III and Jeanne Duckworth Pitts ... from (a) interfering in any way with Plaintiff's free exercise of her secured rights and privileges; and (b) failing and refusing to deliver, without delay, physical custody of Plaintiff's minor child, Michael Christian Pitts, to her, as previously ordered by the Essex County, Massachusetts, Probate Court. 2. Permanent injunction prohibiting, enjoining and restraining Defendants Percy M. Pitts III and Jeanne Duckworth Pitts ... from interfering in any way with Plaintiff's liberty or free exercise of her secured rights and privileges, including her right to legal and physical custody of her minor child, Michael Christian Pitts.

3. Compensatory damages in the amount of $1,000,000.00.

4. Punitive damages in the amount of $3,000,-000.00.