**Rev. GORDON**

v.

**Judge CROUCHLEY.**

Civ. A. No. 82–0110S.

United States District Court,
D. Rhode Island.

Dec. 22, 1982.

Rev. Gerald Gordon, pro se.

Melanie Wilk Spencer, Sp. Asst. Atty. Gen., Providence, R.I., for defendant.

## MEMORANDUM AND ORDER

SELYA, District Judge.

This action was originally filed by the plaintiff, a clergyman, in his own right and on behalf of his parishioners, plaintiff styling himself as a "private attorney general." The defendant is an associate justice of the Rhode Island Family Court, and is sued as such, inasmuch as the complaint relates exclusively to actions taken in and pertaining to his official capacity. The complaint contains a litany of grievances concerning the way in which the defendant, as viewed by the plaintiff, allegedly has administered and continues to administer his judicial responsibilities. Jurisdiction is based on 42 U.S.C. Sec. 1983, 28 U.S.C. Secs. 1331, 1343, plaintiff having sought compensatory and punitive damages, and injunctive relief. The defendant, as permitted by Rule 12, Fed.R.Civ.P., did not answer, but in lieu thereof moved to dismiss.

On July 6, 1982 Judge Pettine of this Court entered an order (the "Interim Order") granting the motion in part, and requesting further briefs as to the remaining issues. In essence, the Interim Order (i) dismissed all claims for money damages in consequence of the defendant's judicial immunity, *see Stump v. Sparkman,* 435 U.S. 349, 355–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978); *Slotnick v. Staviskey,* 560 F.2d 31, 32 (1st Cir.1977), *cert. denied,* 434 U.S. 1077, 98 S.Ct. 1268, 55 L.Ed.2d 783 (1978); and (ii) dismissed all claims asserted on behalf of the plaintiff's parishioners, congregation, and church on the ground that the plaintiff, not being a member of the bar, could represent only himself in federal court, *see Herrera-Venegas v. Sanchez-Rivera,* 681 F.2d 41, 42 (1st Cir.1982); *United States v. Taylor,* 569 F.2d 448, 451 (7th Cir.), *cert. denied,* 435 U.S. 952, 98 S.Ct.

1581, 55 L.Ed.2d 803 (1978); *United States v. Grismore,* 546 F.2d 844, 847 (10th Cir. 1976); *United States v. Whitesel,* 543 F.2d 1176, 1177–81 (6th Cir.1976); *United States v. Kelley,* 539 F.2d 1199, 1201–03 (9th Cir. 1976); 28 U.S.C. Sec. 1654.

The Interim Order left open for later adjudication plaintiff's individual claim for injunctive relief, and raised questions to be addressed by the parties as to the (i) applicability of judicial immunity to equitable redress; (ii) plaintiff's standing to sue; and (iii) effect of established principles of comity and abstention. The complaint stood unamended and the motion to dismiss remained *sub judice,* all pending receipt of further briefs on these points (which briefs have now been filed). It is, therefore, unnecessary for a renewed motion to dismiss to be filed in order to put this matter in posture for determination.

At the outset, the Court notes that judicial immunity is not an absolute bar to the issuance of injunctions against judges, when otherwise appropriate. *In Re The Justices of the Supreme Court of Puerto Rico,* No. 82–1538, slip op. at 24 (1st Cir. Dec. 8, 1982), and cases cited therein. Accordingly, a tripartite analysis of the complaint itself is required to determine whether it can be fairly read as stating a justiciable claim; and if so, whether plaintiff has standing to pursue the claim(s); and then, whether tenets of comity dictate prudential abstention by this Court.

Although the complaint is painted on a broad canvas, in a dazzling array of variegated hues, it lacks legal artistry. Nevertheless, the Court, pursuant to Fed.R. Civ.P. 8 and *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), will scrutinize the pleadings of a non-lawyer appearing *pro se* with especial care to determine if among the dabblings, some colorable claim exists. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Slotnick v. Garfinkle,* 632 F.2d 163, 165 (1st Cir.1980); *McDonald v. Hall,* 610 F.2d 16, 17 (1st Cir. 1979); *Guerro v. Mulhearn,* 498 F.2d 1249, 1255–56 (1st Cir.1974).

In performing this task, the Court will accept as true all material factual allegations of the complaint, *Cooper v. Pate,* 378 U.S. 546, 546, 84 S.Ct. 1733, 1734, 12 L.Ed.2d 1030 (1964); *O'Brien v. DiGrazia,* 544 F.2d 543, 545 (1st Cir.1976), *cert. denied,* 431 U.S. 914, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977); *see Robinson v. Stanley Home Products Co.,* 272 F.2d 601, 602 (1st Cir.1959), and will view the complaint in the light most favorable to the plaintiff. *Ferranti v. Moran,* 618 F.2d 888, 890 (1st Cir.1980); *Harper v. Cserr,* 544 F.2d 1121, 1122 (1st Cir.1976).

■ To prevent a dismissal of a complaint based upon a violation of a civil rights statute, the pleadings must do more, however, than state naked conclusions; the complaint must at least outline the facts constituting the alleged violations. *Pavilonis v. King,* 626 F.2d 1075, 1078 (1st Cir.), *cert. denied,* 449 U.S. 829, 101 S.Ct. 96, 66 L.Ed.2d 34 (1980); *Goldman v. Sears, Roebuck & Co.,* 607 F.2d 1014, 1019 (1st Cir. 1979), *cert. denied,* 445 U.S. 929, 100 S.Ct. 1317, 63 L.Ed.2d 762 (1980); *Antelman v. Lewis,* 480 F.Supp. 180, 186 (D.Mass.1979). The rule has been precisely articulated in this Circuit in *F.sher v. Flynn,* 598 F.2d 663, 665 (1st Cir.1979). The precepts of *Fisher* extend to *pro se* complaints. *Glaros v. Perse,* 628 F.2d 679, 684 (1st Cir.1980); *Pavilonis v. King,* 626 F.2d at 1078; *Leonardo v. Moran,* 611 F.2d 397, 398 (1st Cir.1979).

■ Plaintiff's complaint, like Gaul, is divided into three parts. Each part is denominated as a separate complaint. The first portion ("Complaint # 1") alleges violations of the plaintiff's First, Fifth, and Fourteenth Amendment rights. The plaintiff seeks to enjoin the defendant from harassing or intimidating the plaintiff or violating the plaintiff's constitutional rights. While Complaint # 1 contains a kaleidoscopic assortment of accusations, conclusions, hyperbole, and colorful language, it fails to set forth any facts specifying when or how or under what circumstances the defendant abridged the plaintiff's constitutionally protected rights. Thus, Complaint # 1 does not meet the specificity standard of *Glaros, Pavilonis,*

and *Leonardo,* all *supra,* and must be dismissed for failure to state a claim upon which relief can be granted.

■ The second initiative ("Complaint # 2") alleges a number of supposed abuses of judicial discretion on the part of the defendant. Complaint # 2, however, attempts to assert the legal rights of third parties, and is barred by the Interim Order except to the extent (if at all) that the plaintiff has standing to assert these claims in his own right. The Supreme Court has held that one may assert the rights of a third party if there is an integral relationship between the rights of the litigant and the rights of the third party. *Eisenstadt v. Baird,* 405 U.S. 438, 444–46, 92 S.Ct. 1029, 1033–35, 31 L.Ed.2d 349 (1972). The plaintiff does not set forth any facts which tend probatively to show that his rights are affected by the putative abuses of discretion committed by the defendant, or otherwise to bring Complaint # 2 within the *Eisenstadt* exception. The Supreme Court also has permitted the assertion of third-party rights when the third party is unable to assert such rights, *Singleton v. Wulff,* 428 U.S. 106, 116, 96 S.Ct. 2868, 2875, 49 L.Ed.2d 826 (1976), but no such disability appears of record here. Finally, the Supreme Court has allowed the assertion of the rights of others when a litigant attacks a statute for violating the litigant's First Amendment rights. *Bigelow v. Virginia,* 421 U.S. 809, 815–18, 95 S.Ct. 2222, 2229–31, 44 L.Ed.2d 600 (1975). Unlike *Bigelow,* the plaintiff in the case at bar is not challenging the constitutional validity of any Rhode Island statute, nor has he set forth a factual predicate which implicates in any meaningful way his rights under the First Amendment. Plaintiff does not, for aught that appears, have standing to sue.

■ Even if the plaintiff could assert *jus tertii,* he has, in Complaint # 2, set forth no basis upon which this Court can order Judge Crouchley to return children to other parents or to institute family counseling. The plaintiff does not allege that these orders violate any of his constitutional rights or those of the parties actually in-

volved. In the absence of a federal question, this Court cannot assert jurisdiction over matters involving domestic/familial/parental disputes. *Sutter v. Pitts,* 639 F.2d 842, 843 (1st Cir.1981); *Donnelly v. Donnelly,* 515 F.2d 129, 130 (1st Cir.1975); *Armstrong v. Armstrong,* 508 F.2d 348, 350 (1st Cir.1974). For these reasons, Complaint # 2 also is susceptible to dismissal.

The third part of plaintiff's pleading ("Complaint # 3") prays that this Court order Judge Crouchley to refrain from harassing members of the plaintiff's parish or group when they appear in Family Court *pro se.* This allegation is subject to the same *jus tertii* and standing infirmities which fatally infect Complaint # 2. Further, the plaintiff has not, in Complaint # 3, set forth with the required specificity the facts or circumstances underlying Judge Crouchley's ostensible infringement of the plaintiff's constitutional rights. Without more, the mere assertion that *pro se* parties are being harassed, no matter how garishly expressed, does not allege a sufficient nexus between the constitutional violation(s) and the asserted harassment. *See Fisher v. Flynn,* 598 F.2d at 665. Complaint # 3 also seeks an order requiring Judge Crouchley to have counsel assist parties appearing before him if they so desire. Plaintiff, in effect, seeks to extend the Sixth Amendment right to counsel to civil actions involving family disputes. This argument is without precedent and without merit. Thus, Complaint # 3 must also fall.

In view of the dispositive holdings of the Interim Order, which stands as the law of the case, the remaining allegations, intermixed throughout the pleading but held together by the common thread of assertion of claims for money damages, do not merit further attention. All are color-coordinated in gold, and all are barred by the Interim Order.

There is yet an additional more generic obstacle to the maintenance of this action. The fundament of plaintiff's pleading is to assault not a particularized act, practice or statute, but to foment against a continuing course of perceived conduct on the part of a lawfully-appointed sitting judge within the state judicial system. Appellate rights, of course, exist within the state system for specific derogation of duty; and Rhode Island also provides a forum to which citizens can resort for correction of more generalized judicial misconduct. R.I.G.L. Sec. 8–16–1 *et seq.* The plaintiff has apparently elected neither to pursue nor to exhaust this remedy.

Historically, it has been the policy of the federal courts to allow the state judicial system to conduct its proceedings free from federal interference, except when certain types of exigent circumstances are present, *Younger v. Harris,* 401 U.S. 37, 43, 45, 91 S.Ct. 746, 750–751, 27 L.Ed.2d 669 (1971). This policy fully applies to civil proceedings in which salient state interests are implicated. *Trainor v. Hernandez,* 431 U.S. 434, 443–44, 97 S.Ct. 1911, 1917–18, 52 L.Ed.2d 486 (1977); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 604, 95 S.Ct. 1200, 1208, 43 L.Ed.2d 482 (1975). Maintenance of the integrity of Rhode Island's judicial system is of paramount importance to the state. *Morial v. Judiciary Commission,* 565 F.2d 295, 299 (5th Cir.1977) (en banc), *cert. denied,* 435 U.S. 1013, 98 S.Ct. 1887, 56 L.Ed.2d 395 (1978); *Dostert v. Neely,* 498 F.Supp. 1144, 1153 (S.D.W.Va.1980). *Cf. Middlesex County Ethics Committee v. Garden State Bar Association,* —— U.S. ——, 102 S.Ct. 2515, 2522–23, 73 L.Ed.2d 116 (1982); *Juidice v. Vail,* 430 U.S. 327, 335, 97 S.Ct. 1211, 1217, 51 L.Ed.2d 376 (1977). While it is true that there is no specific state court proceeding pending to which this action is directly addressed, and that in such instances principles of comity usually have less force, *e.g., Lake Carriers' Association v. MacMullan,* 406 U.S. 498, 509–11, 92 S.Ct. 1749, 1756–58, 32 L.Ed.2d 257 (1972), the absence of such a proceeding is due solely to the choice of the plaintiff and those whose interests he seeks to protect. The plaintiff cannot, by the simple expedient of electing to ignore unobstructed state avenues of redress, pave the way for a detour through the federal courts, especially in a situation in which important issues of state policy would per-

force be by-passed by such quixotic re-routing. *Burford v. Sun Oil Co.,* 319 U.S. 315, 317–18, 63 S.Ct. 1098, 1099, 87 L.Ed. 1424 (1943); *Allstate Insurance Co. v. Sabbagh,* 603 F.2d, 228, 230 (1st Cir.1979).

Thus, apart from both plaintiff's manifest lack of standing to pursue the claims asserted and the failure of his pleading to state claims upon which relief can be granted, well-founded principles of comity and of abstention combine to form, in the Court's view, a further basis for dismissal of the action.

Rage and indignation, no matter how vivid the shades of red in which they are painted, are not *per se* actionable. Defendant's motion to dismiss is, for the reasons set forth, granted.

SO ORDERED.