FRIENDS OF CHILDREN, INC., etc.,
Plaintiff, Appellant,

v.

Marie A. MATAVA, et al.,
Defendants, Appellees.

No. 85–1141.

United States Court of Appeals,
First Circuit.

Argued June 6, 1985.

Decided July 2, 1985.

James H. Wexler, Boston, Mass., with whom Herrick & Smith, Boston, Mass., was on brief, for appellant.

Carl Valvo, Asst. Atty. Gen., Boston, Mass., with whom Francis X. Bellotti, Atty. Gen., Boston, Mass., was on brief, for appellees.

Before CAMPBELL, Chief Judge, and BREYER and DAVIS,* Circuit Judges.

BREYER, Circuit Judge.

■ Appellant, a Georgia corporation that arranges adoptions, sought to place a boy, Jason M., with a Massachusetts family. The Commonwealth Department of So-

* Of the Federal Circuit, sitting by designation.

cial Services at first denied approval for the placement, as the Commissioner was uncertain whether Jason should be separated from his sisters. The Commissioner later decided that the separation was unavoidable, and she granted her approval. One of her subordinates, Sheila Frankel, then sent appellant a letter asking it to submit certain forms and to arrange 'pre-placement' visits. Appellant apparently disagreed about the need for these visits. It filed a 'civil rights' suit in the Massachusetts federal district court, under 42 U.S.C. § 1983, claiming that Ms. Frankel's 'conditions' violated her superior's orders and were therefore arbitrary. In appellant's view, since they were arbitrary, they violated the Fourteenth Amendment to the United States Constitution. The district court, after a hearing, denied appellant the injunction it sought, declined to exercise jurisdiction on grounds of 'abstention,' *see Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943); *see also Armstrong v. Armstrong*, 508 F.2d 348, 350 (1st Cir.1974), and dismissed the case. The Georgia corporation appeals.

We have examined the record in this case with care to determine if there is more to it than meets the eye. But, there is not. The appellant claims that a single, simple 'arbitrary' action by a state employee, in violation of an order by a superior (and, if so, apparently readily and adequately correctable under state law in state court), violates the United States Constitution, by interfering with appellant's "constitutional right to pursue its business in interstate commerce," Appellant's Brief at 5, or by depriving it of "equal protection of the laws." The federal courts, when faced with roughly analogous claims, have rejected them; otherwise any business claiming arbitrary treatment could bring a federal 'civil rights' action (and become eligible for attorneys' fees, 42 U.S.C. § 1988) and 'civil rights' laws would soon swallow up a significant amount of the work of state courts. We have held, for example, that a simple breach of contract by a state official "is not a deprivation of property without *constitutional* due process of law." *Jime-*

*nez v. Almodovar*, 650 F.2d 363, 370 (1st Cir.1981). Nor does "arbitrary misapplication" of state land law amount to a violation of the Fourteenth Amendment's "equal protection" or "due process" clauses. *Chiplin Enterprises v. City of Lebanon*, 712 F.2d 1524 (1st Cir.1983); *Creative Environments, Inc. v. Estabrook*, 680 F.2d 822 (1st Cir.), *cert. denied*, 459 U.S. 989, 103 S.Ct. 345, 74 L.Ed.2d 385 (1982). This case follows *a fortiori*, for the state's strong interest in managing its own family law, *see Sutter v. Pitts*, 639 F.2d 842 (1st Cir.1981); *Armstrong v. Armstrong, supra*, militates against federal courts reading constitutional implications into simple claims of arbitrary action where no unusual harm is claimed and where state remedial processes are adequate. *Compare Hudson v. Palmer*, —— U.S. ——, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Ingraham v. Wright*, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). Appellant alleges no facts sufficient to characterize this case as "special," *cf. Glaros v. Perse*, 628 F.2d 679, 684 (1st Cir.1980) (requiring plaintiff to set forth specific facts reflecting 'civil rights' violation); *Green v. Truman*, 459 F.Supp. 342, 347 (D.Mass.1978) (same in child custody case, and stating that a federal court is not obliged "to conjure up unpleaded facts that might turn a frivolous claim of unconstitutional [state] action into a substantial one") (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n. 3 (1st Cir.1976), *cert. denied*, 431 U.S. 914, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977)); nor does it cite authority holding that § 1983 applies to the facts alleged.

██ Even if appellant's claim under § 1983 had been stronger, its appeal would nonetheless have foundered, for the district court's decision to decline jurisdiction on grounds of 'abstention' was lawful. A federal court may decline to exercise equity jurisdiction when federal adjudication would be "disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Colorado River Water Conservation Dis-*

*trict v. United States*, 424 U.S. 800, 814, 96 S.Ct. 1236, 1245, 47 L.Ed.2d 483 (1976). This doctrine originated in cases involving "complex" state "administrative schemes," *see Alabama Public Service Commission v. Southern Railway Co.*, 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002 (1951); *Burford v. Sun Oil Co., supra.* Appellant says the "scheme" here at issue is less complex than those at issue in other cases; but even were this true, the fact that 'family law' is at issue here makes 'abstention' particularly appropriate. *See, e.g., In re Burrus*, 136 U.S. 586, 593–94, 10 S.Ct. 850, 852–53, 34 L.Ed. 1500 (1890); *Barber v. Barber*, 62 U.S. (21 How.) 582, 584, 16 L.Ed. 226 (1859); *Sutter v. Pitts, supra; Armstrong v. Armstrong, supra; Magaziner v. Montemuro*, 468 F.2d 782, 787 (3d Cir.1972). *See generally* P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, *The Federal Courts and the Federal System* 1189–92 (2d ed. 1973); Note, *Application of the Federal Abstention Doctrines to the Domestic Relations Exception to Federal Diversity Jurisdiction*, 1983 Duke L.J. 1095. The decision about whether to abstain, although circumscribed, remains primarily up to the district court, *see Allstate Insurance Co. v. Sabbagh*, 603 F.2d 228, 230 (1st Cir.1979), which here could not be said to have acted outside its equitable powers.

We also note that appellant, having presented the case below as one requiring injunctive relief, now says that Jason M. has been placed with his family in Massachusetts, but adds that it wants damages assessed personally against Ms. Frankel. Since appellant also agrees that it has received its $14,000 fee for placing the child, it is difficult to see what damages are at issue. *See Reichenberger v. Pritchard*, 660 F.2d 280, 285 (7th Cir.1981) (mere possibility of remote or speculative injury will not suffice to state a claim under § 1983) (citing *Olitsky v. O'Malley*, 597 F.2d 295, 298–99 (1st Cir.1979)). And, appellant cannot here attack a district court's discretionary equitable 'abstention' by pointing to a factor not expressly argued to the district judge. *Johnston v. Holiday Inns, Inc.*, 595 F.2d 890, 894 (1st Cir.1979). Regard-

less, the complaint states no federal cause of action.

The judgment of the district court dismissing appellant's complaint is

*Affirmed. Double costs to appellee.*