Roland E. HEMON, et al.,
Petitioner, Appellant,

v.

OFFICE OF PUBLIC GUARDIAN,
Respondent, Appellee.

No. 88–1951.

United States Court of Appeals,
First Circuit.

Submitted Feb. 10, 1989.

Decided June 22, 1989.

Roland E. Hemon, Dover, N.H., on brief, pro se.

John D. MacIntosh and Epstein, Burke, MacIntosh & Devito, P.A., Concord, N.H., on brief, for respondent, appellee.

Before CAMPBELL, Chief Judge, TORRUELLA and SELYA, Circuit Judges.

PER CURIAM.

Petitioner-appellant Roland Hemon filed a petition for a writ of habeas corpus in the District Court for the District of New Hampshire on March 25, 1988. The petition sought a federal court order nullifying the status of the respondent-appellee Office of Public Guardian ("the OPG") as the guardian of Hemon's mother, Olivette Hemon, and transferring guardianship to Hemon. Olivette Hemon has been under the guardianship of the OPG since April 11, 1985, by order of the Strafford County Probate Court of New Hampshire, and resides in a nursing home. On April 19, 1988, a magistrate issued a Report and Recommendation which recommended dismissal of Hemon's petition on the grounds (1) that it is the policy of the federal courts to refuse jurisdiction over family custody disputes like the one presented by Hemon's petition and (2) that it did not appear that Hemon had exhausted his remedies in state court as required by 28 U.S.C. § 2254(b). The district court adopted the magistrate's Report and Recommendation and dismissed

the case. Hemon appealed, and the district court issued a certificate of probable cause to appeal. We affirm.

As an initial matter, it appears from the record that Hemon in fact may have exhausted state court remedies. Appellee concedes in its brief that "[a]ppellee assumes for purposes of this appeal that Mr. Hemon has now exhausted his state-court remedies." We turn, accordingly, to the issue of the habeas corpus jurisdiction of the federal courts over a dispute of this type.

It is settled law that federal habeas corpus jurisdiction does not extend to state court disputes over child custody. The Supreme Court held in *Lehman v. Lycoming County Children's Services Agency*, 458 U.S. 502, 102 S.Ct. 3231, 73 L.Ed.2d 928 (1982), that the federal habeas corpus statute, 28 U.S.C. § 2254, does not confer federal jurisdiction to consider a collateral attack on a state court judgment involuntarily terminating parental rights. The Court concluded that "[t]he federal writ of habeas corpus, representing as it does a profound interference with state judicial systems and the finality of state decisions, should be reserved for those instances in which the federal interest in individual liberty is so strong that it outweighs federalism and finality concerns. Congress has indicated no intention that the reach of § 2254 encompass a claim like that of petitioner." *Id.* at 515–16, 102 S.Ct. at 3239–40 (footnote omitted).

We reached the same result in *Sylvander v. New England Home for Little Wanderers*, 584 F.2d 1103 (1st Cir.1978), holding that "child custody rulings by themselves are not sufficient to trigger a federal habeas remedy on behalf of a dissatisfied mother." *Id.* at 1113. There we observed, "This is not the kind of custody that has traditionally prompted federal courts to assert their jurisdiction in the face of prior state adjudication. It cannot meaningfully be said that the person in custody—[the child]—is being held against his will. The 'rights' [the mother] now asserts on [the child's] behalf are chiefly her own—her rights as a mother not to be

deprived of her child. Only speculatively are they the rights of the person in 'custody.'" *Id.* at 1111. We noted that, given the "long history of state predominance and federal deferral in family law matters," *id.* at 1112, the federal government lacked a substantive interest in child custody matters sufficient to justify an assertion of federal supremacy in that area. Federal constitutional issues arising in child custody cases in state courts could be aired through the usual avenues—appeal, certiorari, and the civil rights statutes—with no need for federal habeas. Any other result, we concluded, would unduly prolong child custody litigation by creating a right to litigate in a second set of courts. *Id.* at 1111–12.

The reasoning that informed the *Lehman* and *Sylvander* decisions applies with full force in this case. It is true that those decisions dealt with child custody, not guardianship of adults. However, the same concerns about federalism and finality that counsel against federal habeas jurisdiction over child custody disputes also counsel against federal habeas jurisdiction over disputes regarding guardianship. The long-standing policy of the federal courts to avoid interference in state domestic relations disputes—for example, by abstaining from asserting federal subject matter jurisdiction over domestic relations matters, *see Friends of Children, Inc. v. Matava,* 766 F.2d 35 (1st Cir.1985); *Sutter v. Pitts,* 639 F.2d 842 (1st Cir.1981); *Donnelly v. Donnelly,* 515 F.2d 129 (1st Cir.), *cert. denied,* 423 U.S. 998, 96 S.Ct. 429, 46 L.Ed.2d 373 (1975); *Armstrong v. Armstrong,* 508 F.2d 348 (1st Cir.1974)—is not limited to the area of child custody, but extends to the entire field of domestic relations. *See In re Burrus,* 136 U.S. 586, 593–94, 10 S.Ct. 850, 852–53, 34 L.Ed. 500 (1890) ("The whole subject of the domestic relations of a husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."). Disputes regarding guardianship are no less matters of purely local concern than are child custody disputes. Accordingly, the federal interest in guardianship matters is no more substantial than the very weak federal interest in child custody matters found insufficient in *Lehman* and *Sylvander* to justify federal habeas jurisdiction. *Brown v. Brown,* 541 F.Supp. 688, 693 (N.D.Ind. 1982).

We observed in the child custody area that, whereas federal habeas corpus relief should be sought by or on behalf of a person in "custody," an aggrieved parent seeking habeas relief to gain custody of a child asserts chiefly his or her own rights, not those of the child. *Sylvander, supra,* 584 F.2d at 1111. The same is true in the guardianship situation in the instant case. *Brown, supra,* 541 F.Supp. at 693–94. Whether the rights being asserted are those of Olivette Hemon (the party in "custody"), as opposed to those of Roland Hemon, is wholly speculative. The state courts have adjudicated the question of how Olivette Hemon's rights may best be protected. We see no occasion for undertaking extraordinary federal review of that determination by way of habeas corpus, thereby allowing full-scale relitigation of the matter "unfettered by the constraints of collateral estoppel and res judicata." *Sylvander, supra,* 584 F.2d at 1112.

In *Sylvander* we did note that, while we could not exercise federal habeas jurisdiction to review child custody rulings, "[w]ere [the child] incarcerated in a state home, or were there other issues making this truly a struggle for liberty by one imprisoned under the aegis of the state, we might well take a different view." *Sylvander, supra,* 584 F.2d at 1113. In the case at bar, however, there are no such considerations that might impel us to view the matter differently. Hemon does not dispute the OPG's characterization of itself as a private, nonprofit organization providing guardianship and adult protective services. It was appointed guardian after state court proceedings apparently instituted by a sister and another brother. As in *Sylvander,* the individual allegedly in "custody," Olivette Hemon, is not incarcerated or imprisoned under the aegis of the state. Accordingly, there is no basis for the assertion of federal habeas corpus jurisdiction in these circumstances.

The judgment of the district court is *affirmed.*