Mary E. KELSER and Mary E. Kelser as Mother and Next Friend of David Kelser, a minor and Mary E. Kelser as Mother and Next Friend of Jean Kelser, a minor and Mary E. Kelser as Mother and Next Friend of Nancy Kelser, a minor, Appellants,

v.

ANNE ARUNDEL COUNTY DEPARTMENT OF SOCIAL SERVICES and John Q. Isaacs and Ms. Charlotte Gammer, Deputy Director Department of Social Services, Anne Arundel County and Ms. Patricia A. Watters and Ms. Paula A. D. Phillips and Ronald M. Naditch All Defendants but for Robert Henley are sued as individuals and in their official capacities and Robert Henley, Appellees.

No. 81–1147.

United States Court of Appeals, Fourth Circuit.

Argued April 2, 1982.

Decided June 7, 1982.

*v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and dismissing her suit under 42 U.S.C. §§ 1983 and 1985 for injunctive, declaratory and monetary relief against the Anne Arundel Department of Social Services (DDS), various officials and employees of the DDS, the DDS attorney, and her ex-husband's lawyer.

While we agree that the district court properly abstained under the circumstances, we hold that Mrs. Kelser's action should have been retained on the district court's docket until pending proceedings were resolved in the state courts. Because those proceedings are now closed and Mrs. Kelser concedes that disposition of the state cases has mooted her federal claim for injunctive and declaratory relief, we perceive no potential offense to state court interests in allowing her § 1983 damage action to go forward at this stage. Accordingly, we remand for further proceedings.

## I

In her § 1983 action, Mrs. Kelser alleged tortious conspiratorial conduct by the defendants, under color of state law, that deprived her in late 1979 and early 1980 of the exclusive right to the custody and society of her three minor children which she possessed under a state court order of April 1979. At the time the district court dismissed her action on abstention grounds (December 26, 1980), a number of state court proceedings involving the custodial rights of the adversary parents were still pending. At least two of these were directly related to claims made in the federal action.

First, there was pending in a state CINA [1] proceeding concerning the children's need for "sheltered care" a motion by Mrs. Kelser's husband to stay that proceeding. The facts surrounding the institution of that CINA suit by a DDS social worker were material to Mrs. Kelser's federal com-

John P. McGeehan, Fairfax, Va. (James E. Hirschman, Goldstein & Ahalt, College Park, Md., on brief), for appellants.

Frederick C. Sussman, Asst. County Sol., Annapolis, Md. (Steven P. Resnick, County Sol., Karen A. Murphy, Asst. County Sol., Stephen H. Sachs, Atty. Gen. of Md., Lois F. Lapidus, Asst. Atty. Gen., Alvin I. Frederick, Eccleston & Seidler, Baltimore, Md., on brief), for appellees.

Before PHILLIPS and ERVIN, Circuit Judges, and JACKSON L. KISER, United States District Judge sitting by designation.

JAMES DICKSON PHILLIPS, Circuit Judge:

Mary E. Kelser appeals an order of the district court abstaining from exercising jurisdiction under the doctrine of *Younger*

---

1. A "child in need of assistance" case is brought by the state's attorney or other petitioner (here a DDS social worker) in a county circuit court sitting as a juvenile court. The allegations in the petitions supporting need for assistance (CINA) and need for shelter care (CINSC) of the Kelser children went to physical abuse of one sister and drug abuse by Mrs. Kelser and her boyfriend.

plaint. In connection with that very state court action, she alleged in her § 1983 action violation of DDS regulations by public employees, denial of due process prior to a scheduled CINA hearing, and a conspiracy to disregard an informal settlement of the CINA matter.

A second pending state proceeding material to the federal action was Mr. Kelser's application for transfer of temporary custody of the children to himself. A hearing on Mrs. Kelser's motion to strike the state court's *ex parte* order granting temporary custody to the father was held two months after she filed her federal action. Her motion to strike was denied at that time, but the state court made no ruling on her due process claims in that proceeding.[2] No permanent custody determinations had been made when the federal action came on for hearing (and dismissal) in late 1980.

In 1981 Mrs. Kelser moved in state court to have custody restored to her. The couples' absolute divorce decree, dated June 22, 1981, awarded custody of the children to the mother, the federal plaintiff here.

## II

Under these circumstances, the district court did not abuse its discretion in abstaining at the time from exercising jurisdiction over the § 1983 action. To have acted at that time would have posed an obvious danger of undue interference with ongoing state court litigation. *See Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4247 (1979). Had the district court found for Mrs. Kelser, such a finding would necessarily have affected state court custody rulings. The district judge had no way of foreseeing the ultimate trial or appeal outcomes in the Kelser CINA, divorce and custody cases. A federal ruling declaring a violation of Mrs. Kelser's due process rights would have rendered questionable the validity of the state court's temporary custody award to Mr. Kelser that was then in force.

That abstention was proper at that time does not however justify the district court's decision to dismiss the action rather than stay proceedings and retain it on the docket. *Cox v. Planning District I Community Mental Health & Mental Retardation Services Board*, 669 F.2d 940 (4th Cir. 1982). Dismissal is proper, as noted in *Cox*, where "the exercise of jurisdiction would impermissibly affect a complex state administrative scheme or implicate federalism concerns ... or [where] the determinative issues will unfailingly be resolved within the parameters of the state-court litigation...." *Id.* 669 F.2d at pp. 942–943. This is not such a case.

No complicated state regulatory scheme is at issue here. Nor do we believe that the doctrine of comity underlying the domestic relations exception to federal jurisdiction is implicated in Mrs. Kelser's § 1983 suit for damages. Despite the intrafamilial back-

---

2. Counsel for the DDS urge on appeal that abstention coupled with dismissal is appropriate where, as here, the federal plaintiff had and used an opportunity to assert constitutional claims in state proceedings but then failed to exhaust state appellate remedies in connection with those same claims. While Md.Cts. & Jud. Proc.Code Ann. § 12–303(c)(10) (1980) theoretically permits appeals of interlocutory orders entered in a child care or custody case, a state case cited to us at oral argument indicates that the availability of such appeals is curtailed by the necessity of meeting an irreparable harm standard. *Flower World of America, Inc. v. Whittington*, 39 Md.App. 187, 385 A.2d 85, 88 (1978).

More important to our decision that Mrs. Kelser's failure to trigger state appellate review of the court's refusal to rule on her constitutional claims does not preclude subsequent federal suit is the question of the relative importance of those claims in the proceeding contesting the *ex parte* temporary custody order. Central in Mrs. Kelser's concern was restoration of custody to herself and she found the court which considered her motion to strike that order concentrating on facts as they existed at the time of hearing on her motion. Since the constitutional claims thus became quite peripheral in the state proceeding, Mrs. Kelser lacked any real incentive to try to take an interlocutory appeal. We therefore hold that her inaction at that time does not bar the district court from now considering those claims in a § 1983 suit for monetary damages.

ground of the case, a decision now by the district court on Mrs. Kelser's fourteenth amendment claims would not require adjusting family status, establishing familial duties, or determining the existence of breach of such duties. Her claim now is solely for damages for past actions whose validity has not been adjudicated in the state courts. *See Cole v. Cole*, 633 F.2d 1083, 1088–89 (4th Cir. 1980) and *Wasserman v. Wasserman*, 671 F.2d 832 at pp. 834–835 (4th Cir. 1982).

For these reasons the order dismissing the action is reversed and the cause remanded to the district court, with directions to reinstate it on its docket for further proceedings. In remanding, we express no opinion on the merits of the § 1983 claim, a matter not yet addressed by the district court.

REVERSED AND REMANDED.

