**O.C. DAVIS, Plaintiff,**

v.

**B. Joan DAVIS, Defendant.**

**Civ. A. No. DC82–67–WK–O.**

United States District Court,
N.D. Mississippi,
Delta Division.

Feb. 24, 1983.

Christian T. Goeldner, Southaven, Miss., for plaintiff.

Robert J. Kelly, Hernando, Miss., for defendant.

## MEMORANDUM ORDER

KEADY, District Judge.

In this diversity action, plaintiff, O.C. Davis, sues defendant, B. Joan Davis, seeking to set aside a conveyance of real property from plaintiff to defendant pursuant to a property settlement agreement entered into on November 26, 1980, which was confirmed and incorporated in a divorce decree entered by the Chancery Court of DeSoto County, Mississippi, on December 8, 1980. Plaintiff asserts that at the time he executed the conveyance that his will and judgment were so impaired that he was unable to understand the nature and conveyance of his act or the character of the transaction in question. Defendant contests the validity of plaintiff's claim but asserts that even if plaintiff's claim is assumed to be true, this Court should decline to exercise jurisdiction because of the domestic relations exception to federal diversity jurisdiction. We agree and grant defendant's motion.

█ It is established federal law that actions involving domestic relations are beyond the purview of the federal courts.

E.g., *Jagiella v. Jagiella,* 647 F.2d 561, 564 (5th Cir.1981). Most courts, including the Fifth Circuit, have reached this result by holding that federal courts should abstain from entertaining domestic relations actions on the basis of comity and deference to the state courts. *Crouch v. Crouch,* 566 F.2d 486 (5th Cir.1978). Other courts have reached the same result by holding that 28 U.S.C. § 1332 does not confer jurisdiction over such actions. For discussion of this issue, *see Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel,* 490 F.2d 509 (2d Cir. 1973). Despite abstention in domestic relations cases, the Fifth Circuit and other courts have held that when the action involves "little more than a private contract to pay money," it is proper for the federal court to assume jurisdiction over the matter if other jurisdictional prerequisites are met. *Crouch, supra* at 487. Notwithstanding erosion of the domestic relations exception to federal jurisdiction, federal courts may not properly exercise jurisdiction when the goal of the lawsuit is to achieve modification of the divorce decree. *Jagiella, supra* at 565.

█ In the case *sub judice,* plaintiff seeks relief of setting aside a contract and a conveyance which when standing alone has nothing to do with domestic relations. The contract to convey and the conveyance, however, are an integral part of the property settlement included within the divorce decree. Therefore, assuming jurisdiction over plaintiff's claim may very well require modification of the divorce decree which we are without power to alter. Accordingly, it is

ORDERED

That defendant's motion to dismiss is hereby SUSTAINED, and plaintiff's complaint DISMISSED without prejudice to refile in the proper state forum.