620 F.Supp. 1329 (1985)
Tiffany and Daryl SHEAN By and Through their parents and next friend, Terry and Marlene SHEAN, and Terry and Marlene Shean, Plaintiffs,
v.
Mark WHITE, Governor of the State of Texas, and Marlin Johnston, Commissioner of the Texas Department of Human Resources, State of Texas, and Jim Mattox, Attorney General of the State of Texas, and Mamie Ewing, Regional Administrator for the Texas Department of Human Resources, and Sara Ham, Supervisor for the Texas Department of Human Resources, and Mary Naylor, Caseworker for the Texas Department of Human Resources, and Carol Gardner, Supervisor for the Texas Department of Human Resources, and Denise Lave, Caseworker for the Texas Department of Human Resources, and Donna Gorosky, Supervisor for the Texas Department of Human Resources, and Janet Erickson, Supervisor for the Texas Department of Human Resources, State of Texas, and Connie Weedman, Caseworker for the Texas Department of Human Resources, State of Texas, and Craig Penfold, District Judge of Dallas County, State of Texas, and John McCraw, District Judge of Collin County, State of Texas.
No. CA-3-85-1375-F.
United States District Court, N.D. Texas, Dallas Division.
October 25, 1985.
*1330 Jim Mattox, Atty. Gen. of Texas, David R. Richards, Executive Asst. Atty. Gen., J. Patrick Wiseman, Chief, State & County Div., Edwin N. Horne, Jerry L. Benedict, Asst. Attys. Gen., Austin, Tex., for petitioner.
Terry & Marlene Shean pro se.

MEMORANDUM ORDER
ROBERT W. PORTER, District Judge.
Pending before the Court is Defendants' motion to dismiss, which asserts the following bases for dismissal of Plaintiffs' complaint: lack of subject matter jurisdiction, applicability of various defenses of immunity, failure to state a claim upon which relief may be granted, lack of appellate jurisdiction over state court decisions and application of the doctrine of abstention. Plaintiffs' complaint alleges "gross violations" of constitutional rights in the context of state intervention in Plaintiffs' home, and subsequent placing of the Plaintiff children in custody of foster parents. Plaintiffs make numerous allegations of wrongful conduct on the part of the Defendants, some of which rise to the level of justiciable controversy under this Court's federal question jurisdiction and some of which do not. Because the Court is of the opinion that the prudent course in this case is to exercise its discretion in favor of abstention, distinction between those claims which are valid and those which are not is unnecessary.

I. Judicial Immunity
As a preliminary matter, Defendants' argument as to absolute judicial immunity is well-taken. The doctrine of judicial immunity extends to all acts performed by judges in their judicial capacity and is a valid defense to a civil rights action under 42 U.S.C. § 1983. Briscoe v. LaHue, 663 F.2d 713 (4th Cir.), aff'd 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1981). Judicial immunity is a valid shield from liability even when the judge is accused of malicious and corrupt exercise of his or her judicial powers. Turner v. American Bar Association, 407 F.Supp. 451, aff'd 542 F.2d 56 (8th Cir.1975). Because Plaintiffs' allegations as to the judicial defendants do not allege any wrongdoing which is beyond their authority as judicial officers, and the acts complained of are judicial acts, Plaintiffs' charges against Defendants Penford and McCraw are hereby dismissed.

II. Abstention
Defendants point out in support of their contention that the Court should abstain from exercising jurisdiction in this case that issues of domestic relations have traditionally been within the province of state courts. The truth of this premise is borne out by the well-established exception to the federal Courts' diversity jurisdiction. As noted by the Fifth Circuit, the reasons for this exception are obvious: "the strong state interest in domestic relations manners, the competence of state courts in settling family disputes, the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal court." Crouch v. Crouch, 566 F.2d 486, 487 (5th Cir.1978); Jagiella v. Jagiella, 647 F.2d 561, 564 (5th Cir.1981). See also Ex Parte Burrus, 136 U.S. 586, 593-94, 10 S.Ct. 850, 852-53, 34 L.Ed. 1500 (1890). The fact that family law matters are implicated by Plaintiffs' civil rights claim does not necessarily compel the conclusion that this Court should refrain from exercising jurisdiction in this case. Defendants have not cited nor *1331 has the Court's research disclosed any case which addresses the specific situation presented by the instant case. However, when a suit is in substance a domestic relations suit, brought in the guise of a civil rights or federal question action, federal courts will decline to exercise jurisdiction. Firestone v. Cleveland Trust Co., 654 F.2d 1212, 1215 (6th Cir.1981) (citing Denman v. Leedy, 479 F.2d 1097, 1098 (6th Cir.1973)). "Because state courts historically have decided these matters, they have developed a proficiency and expertise in these cases and a strong interest in disposing of them." Firestone, 654 F.2d at 1215 (citing Solomon v. Solomon, 516 F.2d 1018, 1025 (3rd Cir.1975); Cherry v. Cherry, 438 F.Supp. 88, 90 (D.Md.1977)). Thus, in Sutter v. Pitts, the court held that a former wife's civil rights claims against her former husband and his new wife for violation of state court visitation and custody orders were in substance a challenge to the state court's award of custody, and abstention was required. 639 F.2d 842, 843 (1st Cir.1981). Also implicated in this type of abstention are considerations of comity and policy. Fern v. Turman, 736 F.2d 1367, 1370 (9th Cir.1984).
In addition to the domestic relations exception to the federal diversity jurisdiction, abstention is appropriate in three other situations, see Heritage Farms, Inc. v. Solebury Township, 671 F.2d 743, 746, cert. denied 456 U.S. 990, 102 S.Ct. 2270, 73 L.Ed.2d 1285 (1982). This type of abstention derives from Burford v. Sun Oil Company, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). Burford abstention is "appropriate in situations where a difficult question of state law is presented which involves important state policies or administrative concerns" in order to avoid disrupting state efforts to "establish a coherent policy with respect to a matter of public concern." Heritage Farms, 671 F.2d at 746 (citing Colorado River Water Conservation District v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)). See also Thomas v. Barry, 729 F.2d 1469, 1471 (D.C.Cir.1984) ("Federal courts may abstain from exercising jurisdiction where important issues of state and local policy are at stake.")
Also, if there are parallel state proceedings pending, additional factors may militate in favor of abstention. The Fifth Circuit has cautioned, however, that the "`unflagging obligation' of the federal courts to exercise the jurisdiction given them is particularly weighty when those seeking a hearing in federal court are asserting ... their right to relief under 42 U.S.C. § 1983." Signad, Inc. v. City of Sugar Land, 753 F.2d 1338 (5th Cir.1985) (citing Tovar v. Billmeyer, 609 F.2d 1291, 1293 (9th Cir.1980)). In determining whether to abstain in view of parallel state proceedings, the Fifth Circuit went on to the three factors to be considered: "a) the inconvenience of the Federal forms; b) the desirability of avoiding piecemeal litigation; and c) the order in which jurisdiction was obtained by the concurrent forums." Signad, Inc., 753 F.2d at 1340. As to the first, the Court has no knowledge of whether the federal forum is inconvenient, and neither party has so asserted. As to the second factor, it appears from the complaint and the motion to dismiss that the state action is currently pending and that the wrongs complained of can be addressed in state court. Litigation of those same claims here in federal court would result in duplication of effort and the possibility of inconsistent results. As to the third factor, the state court action appears to have been filed prior to this one, and those proceedings, by all accounts, are further advanced than those in this case. Thus, there appears to be at least some basis for abstention on this ground.
Still, it is far from clear that abstention is warranted under any of the doctrines discussed above, and the Court is mindful of the "unflagging obligation" with which it is charged in § 1983 cases. Consideration of all the doctrines collectively, however, weighs in favor of exercising abstention here. First, failure to exercise jurisdiction now will enable the state proceeding to conclude and will not foreclose Plaintiffs from obtaining a full and fair hearing on their civil rights claims in federal court *1332 when a final result is achieved at the state level.
More importantly, the long-standing domestic relations exception to diversity jurisdiction coupled with the Burford requirement of difficult questions of state law involving "important state policies or administrative concerns" together suggest that this type of case is one where abstention is the wiser course. For this Court to act on Plaintiffs' claims at this time would pose "an obvious danger of undue interference with ongoing state court litigation." Kelser v. Anne Arundel County Department of Social Services, 679 F.2d 1092, 1094 (4th Cir.1982). In Kelser, the 4th Circuit ruled that abstention by the district court was appropriate where Plaintiffs' § 1983 claims pertained to the ongoing state proceedings. 679 F.2d at 1093. The Fourth Circuit held, however, that dismissal was not appropriate; rather, the district court should have entered a stay and maintained the case on its docket. Because dismissal without prejudice will not adversely affect Plaintiffs' right to full adjudication of their claims at the close of the state proceedings, and because of the energy required to manage this Court's active docket of approximately 500 cases, it is this Court's opinion that dismissal without prejudice is not inappropriate in this case. Further, as previously noted, Plaintiffs have not responded to the Defendants' motion to dismiss, or made any showing or argument that dismissal without prejudice will result in a significant disadvantage to them.
Again, it is a close question whether abstention is mandatory in this case. However, consideration of all the factors involved leads to the conclusion that this result is proper, and consistent with decisions of other courts in similar cases which "recognize the `local' nature of domestic relations problems, the strong interest of the state in addressing such questions without interference, and the expertise of local agencies and courts in monitoring and resolving domestic relations matters." Anh v. Levi, 586 F.2d 625, 632 (6th Cir. 1978). See also Hisquierdo v. Hisquierdo, 439 U.S. 572, 581, 99 S.Ct. 802, 808, 59 L.Ed.2d 1 (1971).
It is therefore ORDERED that the judicial defendants in this case are hereby dismissed on grounds of absolute judicial immunity. It is further ORDERED that the remainder of Plaintiffs' complaint is dismissed without prejudice. This case is hereby closed, subject to reopening pursuant to F.R.Civ.P. 60(b)(6) upon the motion and filing of amended complaint by Plaintiffs within a reasonable time after the close of the state court proceedings in this matter.