**Hannah GONZALEZ CANEVERO,**
**Plaintiff, Appellant,**

v.

**Richard REXACH, etc.,**
**Defendant, Appellee.**

**No. 85-1793.**

United States Court of Appeals,
First Circuit.

Submitted Feb. 6, 1986.

Decided June 16, 1986.

Rehearing and Rehearing En Banc
Denied July 30, 1986.

David Efron, Hato Rey, P.R., on brief,
for plaintiff, appellant.

Jose R. Jimenez Del Valle, San Juan,
P.R., on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge,
BREYER and TORRUELLA, Circuit
Judges.

PER CURIAM.

Hannah Gonzalez Canevero brought suit
in federal court against Richard Rexach,
who is her former husband, and R&R Con-
struction Corporation.[1] She alleged that
the court had jurisdiction under 28 U.S.C.
§ 1332 because the parties are citizens of
different states and the amount in contro-
versy exceeds ten thousand dollars. Gon-
zalez alleged that she is a fifty percent
shareholder in R&R, which is controlled by
her former husband; that the corporation
owns a piece of real estate; and that she
requested an accounting regarding the af-
fairs of the corporation, with a view to-
wards partitioning and distributing her
property, but that Rexach had refused her
request. She sought money damages
equal to her half interest in the property or
an order to partition the property.

Defendants answered that plaintiff
owned no shares in the corporation, and
argued that the complaint failed to state a
claim for relief.

The court observed that Gonzalez and
Rexach were divorced in Florida, and noted
that "[a]pparently no property was distrib-
uted by the Florida divorce." The court
construed the action before it as a request
to obtain a distribution of the community
property. It dismissed on the grounds that
the suit was a domestic relations dispute,
not properly encompassed within its diver-
sity jurisdiction.

Gonzalez filed a motion for reconsidera-
tion in which she insisted that the action
was not a domestic relations matter. She
alleged that all the community property
had been liquidated in the Florida divorce,
"although this was done without involving
any formal or legal proceeding." She ac-
cuses defendants of playing "the game of

---

1. There is some dispute about the corporation's
name. Gonzalez sued "R&R Construction Cor-
poration." In the answer, defendants noted that
the company is called "R&R Contractors, Inc."

'corporations,'" an unexplained and consequently oblique reference.

The parties agree, as of course they must, that 28 U.S.C. § 1332 does not confer jurisdiction over domestic relations issues. *Ex Parte Burrus*, 136 U.S. 586, 593–94, 10 S.Ct. 850, 852–53, 34 L.Ed. 500 (1890) ("[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.") The only issue on appeal[2] is how to characterize Gonzalez' suit: does it implicate issues of domestic relations or is it independent of the former marriage?

Gonzalez cites various cases which stand for the proposition that an action between former spouses that does not require "the adjustment of family status or establishing familial duties or determining the existence of a breach of such duties does not contravene the domestic relations exception to federal diversity jurisdiction." *Raftery v. Scott*, 756 F.2d 335, 338 (4th Cir.1985); *see Kelser v. Anne Arundel County Department of Social Services*, 679 F.2d 1092, 1094–95 (4th Cir.1982); *Lloyd v. Loeffler*, 539 F.Supp. 998, 1003 (E.D.W.I.), *aff'd.* 694 F.2d 489 (7th Cir.1982); *Turpin v. Turpin*, 415 F.Supp. 12, 14 (W.D.O.K.1975); *cf. Crouch v. Crouch*, 566 F.2d 486, 487–88 (5th Cir.1978) (court has jurisdiction where there are no questions of custody or parental rights, no pending state action and no threat that parties will seek to play one court system against the other); *Solomon v. Solomon*, 516 F.2d 1018, 1024 (3rd Cir. 1975) (federal courts have jurisdiction over domestic relations suits only where necessary to the effectuation of prior state court judgments involving the same matters or where court is reviewing decisions of territorial courts); *Anastasi v. Anastasi*, 532 F.Supp. 720, 724–25 (D.N.J.1982) (court has jurisdiction where parties were never married; court notes that domestic relations exception would apply only if the state would have an interest in this type of rela-

tionship and if, to protect this interest, the state courts would have to make the same kinds of inquiries that have traditionally brought the domestic relations exception into play).

We have held, in discussing the exception, that "federal courts should abstain from adjudicating claims that are closely related to, though not within, the jurisdictional exception." *Sutter v. Pitts*, 639 F.2d 842, 843 (1st Cir.1981). We have also noted that "it has been held that a federal court—even where it has jurisdiction—may abstain for reasons of comity and common sense from cases better handled by the state courts having authority over matrimonial and family matters." *Armstrong v. Armstrong*, 508 F.2d 348, 350 (1st Cir. 1974). *Accord Fern v. Turman*, 736 F.2d 1367 (9th Cir.1984) *cert. denied* —— U.S. ——, 105 S.Ct. 1177, 84 L.Ed.2d 326 (1985); *Bossom v. Bossom*, 551 F.2d 474 (2d Cir. 1976).

■■■ While "liquidated obligations arising from domestic relations suits, such as accrued alimony or property settlements, may be enforced in the district courts ...," *Thrower v. Cox*, 425 F.Supp. 570, 573 (D.S. C.1976), Gonzalez has not presented a liquidated obligation. She has not alleged, for example, that under the terms of a prior settlement she is entitled to have the corporate property liquidated and one-half distributed to her. Though she insists that her suit is brought solely in her capacity as fifty per cent shareholder—and not as a former spouse—she has not explained how or why as a shareholder she would be entitled to the relief her complaint seeks—either a liquidation of her alleged shares or a partitioning of the corporate property. Given the absence of coherent articulation of her claim, it was reasonable for the district court to assume that she must be claiming her one-half interest by virtue of her former marriage to Rexach.

---

2. Gonzalez argues additionally that the court dismissed the action before she had the opportunity to respond to the defendants' amended answer. The court's order does not address any issue raised by the amended answer that was not part of the original answer. Thus, it does not appear that Gonzalez was prejudiced at all by the issuance of the order.

On appeal, she has pointed to nothing specific to make us question the district court's analysis. Although she tells us that all community property has been liquidated, she has not directed our attention to anything that would take this suit from the "matrimonial property dispute" realm into the extramarital tort or breach of contract realm.

We find no error in the district court's assessment of this case. Accordingly, its judgment is affirmed.