Albert F. FAGONE, Plaintiff,

v.

Charline Dodd FAGONE, Defendant.

Civ. No. 86–0310 P.

United States District Court,
D. Maine.

Dec. 9, 1986.

Albert F. Fagone, pro se.

Charline D. Fagone, pro se.

Richard A. Davis, Portland, Me., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

GENE CARTER, District Judge.

Plaintiff Albert F. Fagone brought suit in federal court against his former wife, Charline Dodd Fagone, alleging that she acted unlawfully in connection with a piece of property in which the Plaintiff claims a partial ownership interest. Plaintiff was ordered to execute a Quit-Claim Deed for his interest in the property and was to receive a cash payment representing the balance of his equity interest as part of a final judgment and decree of divorce issued in Ohio in 1984. The trial court's judgment was appealed and was affirmed by the Ohio Court of Appeals Second Appellate District on May 10, 1985.

Plaintiff alleges that he is a Maine resident and apparently requests that the Court exercise jurisdiction under 28 U.S.C.

§ 1332.[1] However, it is well settled that 28 U.S.C. § 1332 does not confer jurisdiction over domestic relations issues. *See Gonzalez Canevero v. Rexach,* 793 F.2d 417 (1st Cir.1986). The Supreme Court instructed nearly a century ago that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus,* 136 U.S. 586, 593–94, 10 S.Ct. 850, 852–53, 34 L.Ed. 500 (1890). *In re Burrus* and its progeny have clearly carved out a domestic relations exception to the general rule of federal diversity jurisdiction.

The First Circuit's recent opinion in *Gonzalez Canevero* also controls this case. The Court said at that time:

> We have held, in discussing the exception, that 'federal courts should abstain from adjudicating claims that are closely related to, though not within, the jurisdictional exception.' *Sutter v. Pitts,* 639 F.2d 842, 843 (1st Cir.1981). We have also noted that 'it has been held that a federal court—even where it has jurisdiction—may abstain for reasons of comity and common sense from cases better handled by the state courts having authority over matrimonial and family matters.' *Armstrong v. Armstrong,* 508 F.2d 348, 350 (1st Cir.1974). *Accord Fern v. Turman,* 736 F.2d 1367 (9th Cir.1984) *cert. denied,* 469 U.S. 1210, 105 S.Ct. 1177, 84 L.Ed.2d 326 (1985); *Bossom v. Bossom,* 551 F.2d 474 (2d Cir. 1976).

793 F.2d at 418.

 This Court finds that Plaintiff's claim is inextricably connected with a domestic relations matter and that it would be either impermissible or inadvisable to take jurisdiction over it. Alternatively, the Court finds that Plaintiff's claim has already been adjudicated in the Ohio divorce proceedings and that the current action is barred by the doctrine of *res judicata.* Accordingly, Defendant's motion to dismiss Plaintiff's complaint is hereby GRANTED.

So ORDERED.

---

**1.** Plaintiff does not specifically allege a basis for jurisdiction, but because he is a *pro se* plaintiff, whose pleadings should be viewed with indulgence, *Simmons v. Dickhaut,* 804 F.2d 182 (1st Cir.1986) (*per curiam* ), this Court has examined whether either federal question or diversity jurisdiction might exist. It has concluded that Plaintiff's complaint does not raise any issues arising under federal law. Plaintiff's complaint states: "This is a suit for Conspiracy, with prior intent to commit Fraud, Conspiracy to obtain a judgment, and Theft by Deception including the concealment of and suppression of Facts." There is a federal conspiracy statute, 18 U.S.C. § 371, but it does not pertain to conspiracies against individuals unless the violation of other federal laws is involved. The commission of fraud or theft against an individual is prohibited by state law in many jurisdictions, but neither is a federal crime under the circumstances alleged in Plaintiff's complaint. Therefore, there is no federal question jurisdiction in the present case.