Mary R. ROTOLO, Plaintiff,

v.

Vincent M. ROTOLO, Defendant.

Civ. No. 87–1201CC.

United States District Court,
D. Puerto Rico.

March 3, 1988.

José A. Ortiz–Siracusa, San Juan, P.R., for plaintiff.

Fernando Torrent, San Juan, P.R., for defendant.

## OPINION AND ORDER

CEREZO, District Judge.

A complaint was filed on July 22, 1987 before the Superior Court of the Commonwealth of Puerto Rico (Civil No. 87–4080(1003)). Plaintiff, Mary R. Rotolo, initiated a declaratory judgment action requesting the Superior Court not to recog-

---

nize a portion of the divorce decree obtained in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida (case No. CI 86–2874) which incorporated one 'Property Settlement Agreement,' the liquidation of the existing marital partnership and assigned a condominium apartment exclusively to her.

This action was removed from the Commonwealth's court to the U.S. District Court for the District of Puerto Rico on September 8, 1987. Removal jurisdiction gives a defendant, who is sued in a court of competent jurisdiction, the right to elect a forum of his own choosing. The removal statute, 28 U.S.C. Section 1441, permits the removal of actions which could originally have been brought in federal court. Since removability is equated to original jurisdiction, the principles already developed as to the existence of the latter are equally applicable to removability. Therefore, if the complaint would be dismissed for lack of subject matter jurisdiction if originally filed before a federal district court, it will run the same fate if it was removed after being filed in a state court of competent jurisdiction. In this case federal jurisdiction was invoked based upon diversity of citizenship, plaintiff being a citizen of the Commonwealth of Puerto Rico and defendant Vincent M. Rotolo a citizen of the State of Florida.

Section 1332(a)(1) of Title 28 of the United States Code provides for original jurisdiction for all civil actions in the federal district courts when the action is between citizens of different states, including the Commonwealth of Puerto Rico. Despite this broad language, federal courts have refused to enter in certain disputes even when the requirements for diversity are present. One of the exceptions is domestic relations cases. See generally, Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d Section 3609 (1984 ed.) [hereinafter Wright, Jurisdiction 2d]. The exception developed when the diversity jurisdiction statute granted jurisdiction over 'suits of a civil nature in law or in equity' and the domestic relations cases were entertained by the ecclesiastical courts. Although the 1948 Judicial Code changed the wording of the diversity statute to 'civil action,' the exception endured. This has been explained on the ground that the area of domestic relations is one in which "... the states have an especially strong interest in the proper implementation of their policies and local courts have a well developed competence." *Id.* at pp. 460–461. As stated by the First Circuit Court of Appeals, "[r]egardless of the historical inaccuracies and doctrinal distortions that mark the birth and early years of this exception to diversity jurisdiction, ... the exception has endured for too long for us to abandon it in the absence of contrary action by Congress or the Supreme Court." *Sutter v. Pitts*, 639 F.2d 842, 843 (1st Cir. 1981) (omitted cites). *See also González–Canevero v. Reach*, 793 F.2d 417 (1st Cir. 1986).

*Davis v. Davis*, 558 F.Supp. 485 (D.N.D. Miss. Delta Div.1983), a case with facts similar to this one, dealt with an action seeking to set aside a conveyance of real property pursuant to a property settlement agreement, which was confirmed and incorporated in a divorce decree entered by the Chancery Court of DeSoto County, Mississippi. Plaintiff asserted that at the time he executed the conveyance "... his will and judgment were so impaired that he was unable to understand the nature and conveyance of his act or the character of the transaction in question." *Davis, supra.* Although the property settlement agreement had nothing to do with domestic relations, it had been approved and incorporated in a divorce decree issued by a court of competent jurisdiction. One of the possible outcomes in *Davis*, just like one possible outcome in the instant case, would require modification of the divorce decree. Citing *Jagiella v. Jagiella*, 647 F.2d 561, 565 (5th Cir.1981), the district court noted that "[n]otwithstanding [the] erosion of the domestic relations exception to federal jurisdiction, federal courts may not properly exercise jurisdiction when the goal of the lawsuit is to achieve modification of the divorce decree." It is for that same reason that this court cannot entertain this action, especially when the Circuit Court in and for

Orange County expressly reserved "... jurisdiction over the subject matter of this action and the parties hereto for the purpose of modifying or enforcing the terms and provisions of the Property Settlement Agreement, or this Final Judgment, and to enter such Orders as may be necessary, appropriate, or just." [1] The First Circuit has noted that, even assuming that the case represents an exception to the domestic relations exception to diversity jurisdiction, federal courts "... may abstain for reasons of comity and common sense from cases better handled by the state courts having authority over matrimonial and family matters." *González Canevero, supra*, at p. 418 (citing *Armstrong v. Armstrong*, 508 F.2d 348, 350 (1st Cir.1974)).

Although defendant is aware of the domestic relations exception to diversity jurisdiction, he contends that "[p]laintiff's complaint does not seek the type of domestic relations relief which the federal courts traditionally will not process under a well established policy of the Supreme Court of the United States [2] ... because both [plaintiff's causes of action] raise issues of full faith and credit and RES ADJUDICATA principles." The problem with defendant's position is that those issues arise in the form of a defense to plaintiff's causes of action, and since 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense, even when the defense is anticipated in plaintiff's complaint and both parties admit that the defense is the only question truly at issue in the case. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed. 2d 420, n. 9 (1983). The case of *Southard v. Southard*, 305 F.2d 730 (2nd Cir.1962) does not support defendant's contention that this action is not within the domestic relations exception to diversity jurisdiction. It was held in that case that a declaratory judgment action seeking to declare invalid one divorce decree under the Constitution of the United States was not "... an at-

tempt to bring a matrimonial action in the district court in defiance of the principle that such actions may not be entertained in federal courts." *Southard, supra*, at p. 731. The *Southard* case is not applicable in the instant case, since there is no claim that the divorce decree obtained in the Circuit Court in and for Orange County was obtained in violation of the Constitution. Plaintiff is not requesting that the divorce decree be invalidated; what is requested from the Court is to modify the divorce decree inasmuch as it incorporates a Property Settlement Agreement and the liquidation of marital partnership property.

Accordingly, since this action is encompassed within the domestic relations exception to diversity jurisdiction, the Court hereby ORDERS that the case be REMANDED to the Superior Court of the Commonwealth of Puerto Rico, San Juan Part.

SO ORDERED.

---

1. Final Judgment of Dissolution of Marriage, Paragraph 3, included as an exhibit in defendant's Answer and Counterclaim (docket entry 5).

2. Motion to Dismiss Complaint Under Rule 12(b)(6), FRCP, at pp. 2, 4 (docket entry 7).